UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:23-cv-80729

Thais CARDIM CESAR PESTANA, individually;

Plaintiff,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Merrick P. Garland, in his official capacity;
SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
Alejandro Mayorkas, in his official capacity;
DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
Ur M. Jaddou, in his official capacity;
DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION,
Christopher Wray, in his official capacity;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
an agency of the United States;
UNITED STATES DEPARTMENT OF JUSTICE,
an agency of the United States;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
an agency of the United States;
FEDERAL BUREAU OF INVESTIGATION,
an agency of the United States; and
THE UNITED STATES OF AMERICA,

       Defendants.
_____/

**COMPLAINT FOR WRIT OF MANDAMUS, DECLARATORY, <u>AND OTHER RELIEF</u>**

COMES NOW THE PLAINTIFF, Thais CARDIM CESAR PESTANA ("PESTANA") individually, by and through her undersigned counsel and pursuant

to 28 U.S.C. §§ 1331, 1361, 2201-2202 (2023) and 5 U.S.C. § 702 et seq., (2023), and files this complaint for a writ of mandamus, relief under the Administrative Procedures Act, and declaratory relief against the named defendants. In support thereof, Plaintiff respectfully submits as follows:

## PRELIMINARY STATEMENT

1. PESTANA seeks through this action to compel Defendants and those acting under them to take all appropriate action to complete the adjudication of her long-delayed Form I-526 Immigrant Petition by Standalone Investor without further delay.

2. PESTANA is a Brazilian investor-entrepreneur who invested over $500,000.00 (Five Hundred Thousand and 00/100 U.S. Dollars) in the United States through the EB-5 Regional Center Program. On 19 November 2019, PESTANA filed a Form I-526 Immigrant Petition by Standalone Investor with the United States Citizenship and Immigration Services (USCIS) (hereinafter, the "EB-5 Petition" or the "I-526 Petition).

3. As of the date of the filing of this Complaint, there has been no decision on PESTANA'S EB-5 Petition. This application remains within the jurisdiction of Defendants, whose over 41-month delay in adjudicating said I-526 Petition is wholly unreasonable and has caused detriment to PESTANA in a myriad of ways.

2

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1361 in the nature of mandamus for want of a remedy ("[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). In *Patel v. Reno*, 134 F. 3D 929 (9th Cir. 1997), the Ninth Circuit held that there is mandamus jurisdiction to compel a consular officer to make a decision on a visa application.

5. Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

6. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedures Act ("APA"). *Trudeau v.* FTC, 456 F.3fd 178, 185 (D.C. Cir. 2006) (finding that the district courts have jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review a complaint for declaratory and injunctive relief against a federal agency). Defendants DHS and USCIS are subject to the APA, which requires the agencies to carry out their duties within a reasonable time. Section 555(b) provides that '[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it.

3

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

*See id.* (emphasis added). When a statute is silent as to an actual deadline for a federal agency to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999). As set forth below, the delay in adjudicating Plaintiff' properly filed immigrant visa applications is unreasonable.

7. Additionally, as set forth in the well-reasoned analysis of *De Donado v. Swacina*, 486 F. Supp. 2d 1360 (S.D. Fla. 2007), this Court has the power to either: (1) hear the merits of a petitioner's immigration-related application or (2) remand the case to USCIS for further proceedings.

8. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) as this is an action against federal agencies and U.S. officers in their official capacity that is brought in the federal district where Plaintiff resides or where a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

**EXHAUSTION OF REMEDIES**

9. Plaintiff lacks any statutory, regulatory, or administrative remedy of mandate for the purposes of 5 U.S.C. § 706(1) and this suit is therefore properly filed and all conditions precedent to the filing of this action have been met. Plaintiff is owed a duty — the adjudication without unreasonable delay of her Form I-526 petition. Defendants have unreasonably delayed and failed to

4

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

adjudicate PESTANA's Form I-526 petition for more than 40 months.  Plaintiff has no other adequate remedy available to her for the harm she seeks to redress — Defendants' failure to issue a decision on her Form I-526 petition.

## PARTIES

10.     Plaintiff PESTANA is a native and citizen of Brazil.  She currently resides in Boca Raton, West Palm Beach, County, Florida, in the Southern District of Florida, and she has resided in Pam Beach County at all times relevant to this action.  She is an investor-entrepreneur and, based on her substantial investment of over $500,000.00 (Five Hundred Thousand and 00/100 U.S. Dollars) in the United States, filed a Form I-526 Petition with the United States Citizenship and Immigration Services (USCIS), which has been pending since 19 November 2019.  PESTANA files this action in her individual capacity.

11.     Defendant ATTORNEY GENERAL OF THE UNITED STATES, Merrick P. Garland ("GARLAND"), is sued in his official capacity only.  As U.S. Attorney General, GARLAND is charged with interpreting and enforcing the laws governing immigration and naturalization, and in that capacity has final authority over the practices and procedures challenged herein.  As U.S. Attorney General, GARLAND has final authority over Defendant United States Department of

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

Justice as well as the delegation of immigration functions to Defendant United States Department of Homeland Security.

12. Defendant SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Alejandro Mayorkas ("MAYORKAS"), is sued in his individual capacity only. Defendant MAYORKAS was appointed to his position by the President with the advice and consent of the Senate and in the President's chief security officer. As Secretary of Homeland Security, MAYORKAS oversees the operations of the agency tasked with ensuring public safety in the United States.

13. Defendant DIRECTOR OF THE UNITED STATES IMMIGRATION AND CITIZENSHIP SERVICES, Ur M. Jaddou ("JADDOU") is sued in her official capacity only. As Director, JADDOU is designated by law to oversee her agency's processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other adjudicative decisions.

14. Defendant DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION, Christopher Wray ("WRAY"), is sued in his official capacity only. As FBI Director, WRAY is the head of the federal agency in charge of conducting background checks for foreign nationals in connection with their applications for immigration benefits.

6

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

15. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS) is the federal executive department that oversees public security in the United States, including in the area of immigration and customs. DHS operates within this District and is headquartered in Washington, D.C.

16. Defendant UNITED STATES DEPARTMENT OF JUSTICE (the "DOJ") is the federal executive department tasked with the enforcement if federal law and administration of justice in the United States, including in the area of immigration and customs.  The DOJ operates within this District and is headquartered in Washington, D.C.

17. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is a subordinate agency of DHS and it handles the administration of processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other adjudicative decisions for immigration benefits from within the United States.  USCIS operates within this District and is headquartered in Washington, D.C.

18. Defendant FEDERAL BUREAU OF INVESTIGATION (the "FBI") is the federal executive agency the agency in charge of conducting background checks for foreign nationals in connection with their applications for immigration

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

benefits. The FBI operates within this District and is headquartered in Washington, D.C.

## FACTUAL ALLEGATIONS

19. Plaintiff PESTANA is an investor and entrepreneur who invested over $500,000.00 (Five Hundred Thousand and 000/100 U.S. Dollars) in at-risk capital in a duly accredited EB-5 entity known as Hall Arts II Fund, LP, operating through UCDA North Texas Regional Center LLC *Formerly Known as Frisco Texas International Development Center, LLC – RCW 1216750689* (hereinafter, the "HALL ARTS II RC"), an EB-5 Immigrant Investor Regional Center designated by the U.S. Department of Homeland Security (DHS) for participation in USCIS' EB-5 Immigrant Investor Program. EB-5 Immigrant Investor Regional Centers are involved with promoting economic growth in the United States.

20. PESTANA's investment was applied to multiple job-creating projects within the HALL ARTS II RC.

21. On 19 November 2019, based on said substantial investment, PESTANA filed a Form I-526 Petition with USCIS, which petition was assigned Receipt Number WAC 20-900-33075. A true and correct redacted copy of the Form I-526 Receipt Notice is attached hereto as **Exhibit A** and is incorporated herein by reference.

8

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

22. For the duration of time that said Form I-526 Petition remains pending, PESTANA cannot obtain permanent legal status in the United States.

23. PESTANA invested over $500,000.00 U.S. Dollars in the United States, to the substantial economic benefit of the United States, with the expectation that the Form I-526 petition filed by her would be adjudicated within a reasonable time frame, so that she would then be permitted to live permanently in the United States as a Lawful Permanent U.S. Resident.

24. PESTANA's decision to make this substantial investment was based, in large part, on her desire to move out of her home country of Brazil, where crime is on the rise and where she no longer felt safe. In Brazil, affluent individuals like PESTANA are constant targets for violent robberies and kidnappings.

25. As of the date of the filing of this Complaint, no Request for Evidence has been issued in connection with Plaintiff's Form I-526 petition, and PESTANA has received no further correspondence from USCIS.

26. PESTANA has now spent over 41 months waiting for her Form I-526 petition to be decided. Her concurrent adjustment of status application cannot be decided until her Form I-526 petition is adjudicated.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

27. PESTANA has been greatly prejudiced by the unfair delay in the processing of her Form I-526 petition. The distinct types of prejudice to Plaintiff include, but are not limited to:

   a. An inability to clearly and easily demonstrate lawful status and employment authorization to potential business partners;

   b. An inability to clearly and easily demonstrate lawful status to law enforcement;

   c. Long delays while travelling internationally or transiting through the United States, as Plaintiff is referred to Secondary Inspection, where she is forced to wait for hours while United States Customs and Border Protection officers verify her legal immigration status;

   d. Difficulties in proving legal status when registering for school;

   e. An inability for PESTANA to access certain scholarship opportunities due to her pending immigration status;

   f. An inability to access certain investment opportunities due to her pending immigration status;

   g. A delay in her ability to naturalize as a United States citizen, since she must first wait for her I-526 to be approved so she can then

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

      accumulate sufficient time as a Lawful Permanent Resident to apply for naturalization;

  h. An inability to withdraw the EB-5 investment funds until her I-526 is approved and she can accumulate sufficient time as a Lawful Permanent Resident to remove the conditions on her LPR status; and

  i. Plaintiff's uncertainty as to her ultimate ability to remain in the United States, preventing Plaintiff from making firm plans for her future.

28. As of the date of the filing of this Complaint, Defendant USCIS' Immigrant Investor Program Office lists **61 months** as its average estimated processing time for Form I-526 petitions, which Plaintiff refuses to accept as objectively reasonable. A screen capture of USCIS' online case processing time tool is attached hereto as **Exhibit B** and is incorporated herein by reference.

29. In accordance with 8 C.F.R. 216.6(a)(4), Plaintiff has provided Defendant USCIS with ample evidence of her eligibility for the approval of her Form I-526 petition.

30. Plaintiff has no criminal record anywhere in the world. Plaintiff has never been involved in any political activities; never been the subject of any civil litigation pending against her in the United States, Brazil, or elsewhere; and never

11

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

been involved in any environmental litigation, tax claims, or domestic violence disputes in the United States, Brazil, or elsewhere.

31. PESTANA seeks a writ of mandamus to compel the prompt processing and adjudication of her long-pending Form I-526 petition, so that she can properly plan for her future, including making the appropriate living, educational, and employment arrangements and decisions.

### FIRST CAUSE OF ACTION (Mandamus Act)
### 28 U.S.C. § 1361
### Against all Defendants

32. PESTANA brings this action under the Mandamus Act, 28 U.S.C. § 1361 (2023), as to all Defendants.

33. The Mandamus Act provides that the district courts retain original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

34. While PESTANA concedes that she has no right to the approval of her Form I-526 Petition, Defendants owe Plaintiff a duty to adjudicate her said petitions within a reasonable time.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

35. Defendants' 41-month delay in rendering a decision on said Form I-526 Petition is objectively unreasonable and Plaintiff is entitled to mandamus relief to compel Defendants to adjudicate her case. *See* ¶ 28, *supra*.

36. PESTANA seeks a writ of mandamus to compel USCIS to comply with its duty to promptly adjudicate her Form I-526 Petition within 45 days of this Court's order.

## **SECOND CAUSE OF ACTION (Administrative Procedures Act)**
**5 U.S.C. § 706**
**As to All Defendants**

37. Plaintiff brings this action under the Administrative Procedures Act, 5 U.S.C. § 706 (2023) (the "APA"), as to all Defendants.

38. The APA provides that any person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute is entitled to judicial review thereof. The APA specifically provides relief for a *failure* to act, in that the reviewing court shall compel the agency action that was unlawfully withheld or unreasonably delayed.

39. In the present case, PESTANA has been adversely affected by the Defendants' failure to act. *See* ¶ 27 (a) – (i), *supra*.

40. Defendants' failure to complete the processing of, and adjudicate, Plaintiff's Form I-526 petition constitutes an unreasonable failure to act in

13

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

violation of the Administrative Procedures Act and denies the due process to which Plaintiff is legally entitled.

41. Plaintiff seeks a determination from this Court that Defendants violated the APA in their failure to act, which has adversely affected the Plaintiff. Plaintiff further requests that this Court exercise its authority under the APA and compel Defendants to complete the processing of, and adjudicate, the subject Form I-526 Petition.

### THIRD CAUSE OF ACTION (Declaratory Judgment)
### 28 U.S.C. §§ 2201-2202
### As to Defendants JADDOU, MAYORKAS, DHS, and USCIS

42. Plaintiff brings this action for relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2023), as to Defendants JADDOU, MAYORKAS, DHS, and USCIS.

43. The Declaratory Judgment Act permits federal court litigants to seek a judgment from the district courts to declare an action unconstitutional or illegal. No adequate remedy at law exists for the Plaintiff. Plaintiff has been denied her constitutional due process rights to a prompt adjudication of her petition.

44. A government official possesses no official capacity when acting illegally, and such official can thus derive no protection from an unlawful or unconstitutional action.

14

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

45. As noted in ¶ 25, *supra*, Defendants have requested no additional information or evidence from Plaintiff in connection with the subject Form I-526 petition, nor have Defendants provided an explanation for the delay in response to Plaintiff's inquiries. This delay is arbitrary, capricious, an abuse of discretion, or otherwise unlawful.

46. As noted in ¶ 28, *supra*, and in Exhibit C, Defendant USCIS currently reports 58.5 months as its average processing time for Form I-526 petitions, which is objectively unreasonable.

47. Plaintiff seeks an order from this Court as to Defendants JADDOU, MAYORKAS, DHS, and USCIS, declaring their failure to issue a decision on Plaintiff's Form I-526 petition to be an unreasonable failure to act in violation of the Administrative Procedures Act.

## PRAYER FOR RELIEF

PESTANA respectfully request that this Court grant them the following relief:

A. Order Defendants to adjudicate PESTANA's Form I-526 Petition **on or before 45 days from the issuance of this Court's order**, or within a reasonable period of time as determined by the Court.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

B. Retain jurisdiction during the adjudication of said petitions in order to secure compliance with the Court's orders.

C. Award reasonable costs and attorney's fees to PESTANA; and

D. Grant other such relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Kristin D. Figueroa-Contreras*

---

Kristin D. Figueroa-Contreras, Esq., B.C.S.
Board Certified in Immigration & Nationality Law
Florida Bar No. 643394
FIGUEROA-CONTRERAS LAW GROUP, PLLC
2030 S. Douglas Road, Suite 204
Coral Gables, FL 33134
Telephone:  305-639-8599 / Facsimile:    305-397-1384
E-mail:            kristy@figueroa-law.com
Counsel for Plaintiff

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*